STATE of Missouri, Respondent,

v.

Mark C. LANGLEY, Appellant.

No. 19779.

Missouri Court of Appeals,
Southern District.

Sept. 11, 1995.

David Simpson, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

*REVERSED AND REMANDED.*

On July 20, 1994, a jury convicted Appellant Mark Langley of involuntary manslaughter and second degree assault, pursuant to

---

Sections 565.024 and 565.060.1(4),[1] respectively. Appellant was sentenced to seven years' imprisonment on each count, to be served consecutively, and was fined $5,000 on each count.

Viewed in the light most favorable to the verdict the facts reveal the following. On May 11, 1993, Appellant was driving on Highway 71, near Neosho. Appellant's car was weaving and traveling at an inconsistent rate of speed. Subsequently, Appellant's car struck a guard rail on the right side of the road and veered back into oncoming traffic in the left lane. Appellant's car struck a pickup truck containing two passengers traveling in the opposite direction. One passenger was killed and the other was severely injured.

Corporal Walters of the Missouri State Highway Patrol arrived at the accident scene. He could smell alcohol on Appellant's breath and observed two beer cans in the car. Corporal Walters arrested Appellant for driving while intoxicated. After Appellant was taken to a hospital he voluntarily provided a blood sample for drug and alcohol tests.

Dr. Whittle, director of the Missouri Southern Crime Laboratory analyzed the blood sample. He determined that Appellant's blood alcohol level was only .02%. Dr. Whittle tested the remaining sample of the blood for drugs, using a test designed for use only upon human urine. The doctor concluded that the sample tested positive for some type of drug within the classification of a group of tranquilizers called Benzodiazepines. He was unable to identify a specific drug in the sample. He was also unable to confirm the initial test results because of an insufficient sample of blood.

Before trial Appellant filed a motion to exclude the drug tests and a motion to dismiss on the grounds that the doctor failed to follow the required procedures for blood testing under §§ 577.020 through 577.041 and 19 CSR 20–30.080. The trial court overruled these motions. At trial Appellant renewed his objection to the admissibility of the blood test results.

In his sole point on appeal Appellant contends that the trial court erred in allowing the drug test results to be admitted into evidence in violation of Appellant's right to due process because the State failed to meet its burden of showing "absolute and literal compliance" with the requirements of Section 577.026 and 19 CSR 20–30.080 in that (1) the laboratory which conducted the blood test did not participate in any proficiency testing program for the particular test used, (2) the test conducted was not approved, (3) no duplicate test was performed, and (4) the initial positive result was not confirmed by any method.

In its brief the State "agrees that this case should be reversed and remanded for new trial because the trial court erred in not excluding the test results in the absence of a confirming test as required by 19 CSR 20–30.080.(6)." The Department of Health, pursuant to the requirements of § 577.026, has set out approved methods for testing blood for the presence of drugs in 19 CSR 20–30.080. "[T]he state must demonstrate absolute and literal compliance with these regulations prerequisite to introducing the test results into evidence." *State v. Regalado,* 806 S.W.2d 86, 88 (Mo.App.1991). Here, the State concedes that reversal and remand is required because of failure to comply with the regulation. Because the trial court erred in not excluding the blood test results for drugs, we reverse the judgment and sentence and remand the cause for further proceedings.

FLANIGAN and GARRISON, JJ., concur.

1. Statutory references are to RSMo (1986).